# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ROBERT JOHNSON
1028 7th Street, NE
Washington, DC 20002

    Plaintiff

v.

THE HOME DEPOT U.S.A., INC.
901 Rhode Island Avenue, NE
Washington, DC 20018

Serve: CT Corporation
1015 Vermont Avenue, N.W.
Suite 1000
Washington, DC 20008

    Defendant

Case No. 0002755-06

Calendar

Judge

RECEIVED
Civil Clerk's Office
APR 0 7 2006
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT
### (Negligence)

COMES NOW the Plaintiff, Robert Johnson, by and through his attorney, Sparks & Silber, LLP, and for his cause of action states as follows:

1. This court has jurisdiction over the subject matter of this lawsuit pursuant to D.C. code § 11-921.

2. The Plaintiff, Robert Johnson is a resident of the District of Columbia and resides at 1028 7th Street, N.E., Washington, D.C. 20002.

3. Defendant, The Home Depot U.S.A., Inc. is a corporation doing business in the District of Columbia and operates a store located at 901 Rhode Island Avenue, N.E., Washington, D.C. 20018.

### Factual Allegations

4. On or about December 24, 2003, Plaintiff was a customer at the Home Depot located at the aforesaid address. As he was standing at the customer service desk, several doors which had been stacked nearby fell, striking Plaintiff in the head and back. Following the impact, plaintiff reported the incident to the store manager and a report was made. Plaintiff was dazed and injured, but left the store and drove himself home. When his symptoms continued, he sought medical attention from the Veterans

LAW OFFICES
SPARKS & SILBER, LLP
3221 M Street, N.W.
Washington, D.C. 20007
Tel (202) 338-0687
Fax (202) 333-0858

DEFENDANT'S EXHIBIT 1

Administration Hospital and other health care providers.

5. Upon information and belief Defendant presented a hazard and should have taken steps to secure and properly stack the doors. Defendant knew, or through the exercise of ordinary care should have known of the danger of this improperly stacking or securing these doors. Defendant's failure to correct this dangerous condition or to properly warn Plaintiff constituted negligence, and such negligence was a proximate cause of Plaintiff's injuries.

6. As a result of the aforesaid fall, Plaintiff suffered serious personal injuries, requiring extensive medical treatment and causing him great pain and suffering, as well as a permanent disability and lost wages. The aforesaid negligence was a proximate cause of these injuries and losses.

**WHEREFORE,** Plaintiff demands the sum of $750,000.00 (Seven Hundred Fifty Thousand Dollars) in compensatory damages against Defendant for the aforesaid negligent acts and omissions.

Respectfully submitted,
**SPARKS & SILBER, LLP**

_____
Richard F. Silber
D.C. Bar No. 395407
3221 M Street, N.W.
Washington, D.C. 20007
(202) 338-0687

Attorney for Plaintiff

### JURY DEMAND

Plaintiff requests trial by jury on all issues.

_____
Richard F. Silber

LAW OFFICES
SPARKS & SILBER, LLP
3221 M Street, N.W.
Washington, D.C. 20007
Tel (202) 338-0687
Fax (202) 333-0858