# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT D. JOHNSON )<br><br>     Plaintiff, )<br>v. )<br><br>HOME DEPOT U.S.A., INC. )<br><br>     Defendant. ) | Civil Action # 1:06-CV-837(ESH) |

## JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Plaintiff Robert D. Johnson and Defendant Home Depot, U.S.A., Inc. hereby submit their Joint Meet and Confer Report pursuant to Federal Rule of Civil Procedure 26(f) and United States District Court for the District of Columbia Local Civil Rule 16.3. Counsel for the parties conferred to discuss the matters addressed in Local Civil Rule 16.3 and set forth in this Report.

## I.    Statement of the Case

Plaintiff originally brought this action on in the Superior Court for the District of Columbia seeking common law damages for injuries sustained when he was injured on December 23, 2003, in a Home Depot store located on Rhode Island Avenue, N.E., Washington, D.C. The case was subsequently removed by Defendant to this Court.

Plaintiff alleges that he was injured while a patron at Home Depot when several doors which were negligently stacked, fell on top of Plaintiff, causing his

injuries. Plaintiff further alleges that he was without fault of any kind when the incident causing his injuries occurred. Defendant has filed a general denial and discovery has begun.

**II     Rule 16.3(c) Matters**

1.     **Dispositive Motions.**  At this time, Both Plaintiff and Defendant agree that it is unlikely the case will be decided by dispositive motions.  No dispositive motions are currently pending.

2.     **Pleading Amendments and Party Additions.**  Defendant is currently investigating whether one or more of Defendant's vendors may have placed or handled the doors complained of by Plaintiff and seeks until July 14, 2006, within which to add any additional parties.

3.     **Magistrate Judge.**  The parties consent to having this case assigned to a Magistrate Judge.

4.     **Settlement.**  The parties believe that once discovery is completed, the case has a strong likelihood of settling before trial.

5.     **Alternative Dispute Resolution.**  The parties believe that court-ordered mediation may be helpful after the close of discovery.

6.     **Summary Judgment.**  The parties believe at this time it is unlikely the case will be resolved by summary judgment.

7.     **Initial Disclosures Under Rule 26(a)(1).** The parties agree to dispense with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

8.    **Extent of Discovery.**  The parties agree that all discovery should be completed within 120 days, or by October 1, 2006.  Plaintiff and Defendant agree to the imposition of 25 interrogatories and requests for production as set forth in Federal Rule of Civil Procedure 33(a), and the presumptive limit of ten fact witnesses as set forth in Federal Rule of Civil Procedure Rule 30(a)(2).  The parties further agree that the presumptive limit in Federal Rule of Civil Procedure 30(d)(2) of seven hours per deposition should apply to all witnesses.

9.    **Exchange of Expert Witness Reports and Information.**  The parties believe that Plaintiff's expert report(s) should be due on July 1, 2006; that Defendant should depose Plaintiff's expert(s) by August 15, 2006; that Defendant's expert report(s) should be due on August 15, 2006; and that Plaintiff should depose Defendant's expert(s) by September 31, 2006.

10.    **Class Actions.**  Not applicable.

11.    **Bifurcation and Phases.**  The parties agree that bifurcation and management in phases are not applicable to this case at this time.

12.    **Pretrial Conference Date.**  The parties agree that a pretrial conference should be scheduled to occur approximately 60 days after the Court has ruled on any post-discovery motion.  If there are no post-discovery motions, that the pretrial conference should be scheduled within 60 days of the close of discovery, or before December 1, 2006.

     **13.**    **Trial Date.** The parties agree that the Court should set a firm trial date at the pretrial conference for the trial to begin between 30 and 60 days after the pretrial conference.

     **14.**    **Other Scheduling Matters.** The parties have no further scheduling matters to present at this time.

**III**    <u>**Rule 16.3(d).**</u>

     Pursuant to Local Civil Rule 16.3(d), the parties submit a proposed scheduling Order.

Respectfully submitted,

Richard F. Silber, Esquire
DC Bar No. 395407
SPARKS & SILBER, LLP
3221 M Street, NW
Washington, DC 20007
(202) 338-0687
Attorney for Plaintiff

Matthew T. Angotti, Esquire
MD Bar No. 05949
Anderson Coe & King, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201-4135
Attorney for Defendant

Dated: June 6, 2006

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT D. JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action # 1:06-CV-837(ESH) |
| | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Upon consideration of the Joint Report to the Court filed pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, it is hereby,

ORDERED that the case shall proceed upon the following schedule:

| | |
|---|---|
| Deadline for Amended Pleadings | July 14, 2006 |
| Plaintiff's Expert Report(s) Due | July 1, 2006 |
| Deadline for Defendant's Deposition of Plaintiff's Expert(s) | August 15, 2006 |
| Defendant's Expert Report(s) Due | August 15, 2006 |
| Deadline for Plaintiff's Deposition of Defendant's Expert(s) | September 31, 2006 |
| Completion of All Discovery | October 1, 2006 |
| Deadline for filing Post-Discovery Motions | October 10, 2006 |
| Deadline for filing Responses to Post Discovery Motions | October 30, 2006 |
| Deadline for filing Replies to Responses to Post Discovery Motions | November 13, 2006 |

Pretrial Conference                                    60 days after ruling on
                                                       post-discovery motions

Trial                                                  30-60 days after pretrial
                                                       conference.

_____

**ELLEN SEGAL HUVELLE**
**UNITED STATES DISTRICT JUDGE**

Date: _____