IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT D. JOHNSON | : | Civil Action # 1:06CV00837 |
| Plaintiff, | : | Judge: John Facciola |
| v. | : | Next Event: Status Conference: 9/7/2006 |
| HOME DEPOT U.S.A., INC. | : | |
| Defendant. | : | |

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES**

Pursuant to D.C. Superior Court Rule 33, any applicable case management order, and/or agreement of the parties, Plaintiff Robert D. Johnson ("Johnson" or "Plaintiff") in the above-entitled action responds to the Defendant's First Set of Interrogatories propounded on or about May 11, 2006, as follows:

**DEFINITIONS**

1. As used herein, "seeks information or materials that are irrelevant" or words to that effect means that the request or interrogatory seeks information (1) having no tendency to make the existence of any fact of consequence to the determination of the instant case more or less probable than it would be without such information or documents and (2) which do not appear to be reasonably calculated to lead to the discovery of admissible evidence.

2. As used herein, "unduly burdensome" means that the request or interrogatory requires a search for information which would provide little or no benefit to

this action and that the value of its production is far outweighed by the burden of producing it, especially where Defendant can obtain the information from other sources.

    3.    As used herein, "overly broad" means that the request requires production, at least in part, of information which is irrelevant to the instant litigation in subject matter or time period or both.

    4.    As used herein, "vague and ambiguous" means that Plaintiff is unable to ascertain with certainty what information is being requested.

## GENERAL OBJECTIONS

The following General Objections are applicable to, and are hereby incorporated by reference into, each and every one of Plaintiff's Answers to each Interrogatory:

    1.    In answering all or any portion of any Interrogatory, Plaintiff does not waive or intend to waive, but on the contrary intends to reserve and does reserve:

    a)    all questions as to competency, relevancy, materiality, and admissibility as evidence for any purpose of any of the documents referred to or answers given, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this action or any other actions: and

    b)    the right to revise, correct, add to, or clarify any of the answers set forth herein, or documents produced or referred to herein.

    2.    Plaintiff objects to the interrogatories to the extent they call for information which is protected by the attorney-client privilege, information which constitutes work product, or which is otherwise protected from discovery by other applicable privileges(s) and/or any protective order.

3. Plaintiff objects to the interrogatories, including without limitation the definitions and instructions, to the extent that they purport to impose obligations on it beyond those required by D.C. Sup. Ct. Rules 26 and 33, including, but not limited to the number and content of the interrogatories.

4. Plaintiff objects to each Interrogatory to the extent that it is duplicative, overbroad, unduly burdensome, unlimited in scope and/or time, and/or seeks information that is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff objects to each Interrogatory to the extent it is vague and ambiguous, compound, calls for a legal conclusion, contains conclusory or undefined terms, and/or is confusing, misleading, oppressive, vexatious, or designed to annoy and harass Plaintiff.

6. Plaintiff objects to each Interrogatory to the extent it seeks information within Defendant's control; or seeks information not within the possession, custody and control of Plaintiff; or that may or may not exist and therefore lacks foundation; or seeks information that is equally available to Defendant as to Plaintiff, such as (by way of illustration and without limitation) public records; or seeks information that has been provided or responded to elsewhere by Plaintiff (e.g. in response to document requests or other discovery provided by Plaintiff); or seeks information that otherwise may be derived or ascertained with equal burden to Defendant as Plaintiff.

7. Plaintiff objects to each Interrogatory that seeks the contentions of this Plaintiff to the extent such request calls for the work product of the Plaintiff, for a legal conclusion, or cannot be answered until full and fair discovery has been completed.

8. All responses are based upon information currently available, and information being provided and produced by Plaintiff has been located after reasonable and diligent search. Plaintiff reserves the right to supplement or amend these responses, including Plaintiff's right to assert additional objection or supplemental responses should Plaintiff discovers additional information or grounds for objections.

9. Plaintiff reserves the right to rely at the time of trial or in any other proceedings in this action upon documents, things, and evidence in additional to that disclosed in this response regardless of whether any such documents, things, or evidence are newly discovered or currently in existence.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

1. State your full name, address, date, and place of birth, marital status, and social security number.

### RESPONSE NO. 1

Robert D. Johnson, DOB: 08/25/1937 Maigo, West Virginia; SSN: 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. Address:1028 7th Street, N.W., Washington, DC 20002; Marital Status: Single

### INTERROGATORY NO. 2

2. List all other addresses at which you have lived for the past ten (10) years, giving street numbers, city, state and dates of residence.

**RESPONSE NO. 2**

Plaintiff has lived at the address listed about for more than 10 years.

**INTERROGATORY NO. 3**

3. If you were employed at the time of the occurrence, state your duties and wages at the time of the occurrence, the dates you were unable to work, if any, the date following the occurrence that you returned to work, and your duties and wages after you returned to work.

**RESPONSE NO. 3**

At the time of the occurrence, Plaintiff was employed as a plumber, electrician and laborer by Joseph Johnson Construction Services. As a result of his injuries, he has not been able to return to full time employment. He was earning $15/hour or $120/day and worked 5 ½ days per week.

**INTERROGATORY NO. 4**

4. State the names of all your employers for the past ten (10) years, the dates and the nature of such employment and the reason for termination of any such employment.

**RESPONSE NO. 4**

Plaintiff is uncertain as to the precise dates of his employment, but states that he has worked for Joseph Johnson Construction Services, Norman Gaines, a plumbing contractor, and other odd jobs, for example, construction rehab and remodeling for Miles Realty.

## INTERROGATORY NO. 5

5. Give a complete statement of the facts as to how you contend the accident happened.

## RESPONSE NO. 5

Plaintiff was waiting at the customer service desk at the Home Depot located on Rhode Island Avenue, NE, Washington, DC. Suddenly, without warning or notice, three solid wood core doors which had been stacked behind him, fell striking Plaintiff on his back and head, causing his injuries.

## INTERROGATORY NO. 6

6. Give the names and addresses of all persons known to you to have personal knowledge of the facts material to this case including eyewitnesses to any part of the occurrence and persons who were at or near the scene of the occurrence.

## RESPONSE NO. 6

Dasha (last name unknown) Employed by Home Depot. Terrance (last name unknown). Employed by Home Depot. Sheila (last name unknown). Employed by Home Depot.

## INTERROGATORY NO. 7

7. State in detail the nature and location of any bodily injury suffered by you, any present complaints on account of such injuries and the nature of such complaints, and which injuries you contend are permanent.

## RESPONSE NO. 7

Plaintiff complains of injuries to the head, neck, mid and upper back. Plaintiff also complains of spasm and cramping.

## INTERROGATORY NO. 8

8. Give the names and addresses of all physicians and hospitals that have treated or examined you as a result of the occurrence, including the dates and nature of such treatments and examinations.

## RESPONSE NO. 8

Hampton J. Jackson, Jr., M.D.
Metropolitan Washington Orthopaedic Association
6144 Oxon Hill Road, Oxon Hill, MD 20745
Dates of Service: 3/2/2004 - 12/17/2004

Jennifer Angeles, P.T.
Physical Medicine Rehabilitation Center
6144 Oxon Hill Road, Oxon Hill, MD 20745
Dates of Service: 3/5/2004 - 6/17/2004

Adele A. Levine, P.T.
VA Medical Center
Physical Medicine & Rehabilitation
50 Irving Street, NW, Room GC-217
Washington, DC 20042

## INTERROGATORY NO. 9

9. Identify each person who you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and the opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and produce any written report made by the expert concerning those findings and opinions.

## RESPONSE NO. 9

As discovery continues this interrogatory will be supplemented.

**INTERROGATORY NO. 10**

10. If you contend that a previous injury or condition was aggravated by the occurrence, describe such injury or condition and state the name and address of any physician who treated you therefore and the approximate date of such treatment.

**RESPONSE NO. 10**

None

**INTERROGATORY NO. 11**

11. Other than those referred to above, name all physicians or hospitals which have examined or treated you for a substantial injury or illness during the past ten (10) years and the approximate date and the nature of each treatment.

**RESPONSE NO. 11**

See VA Medical Center medical records.

**INTERROGATORY NO. 12**

12. Give an itemized statement of all charges, expenses and losses allegedly paid or incurred by you as a result of the occurrence and indicate which changes, expenses or losses have been paid and by whom.

**RESPONSE NO. 12**

See attached medical bills

**INTERROGATORY NO. 13**

13. State the amount reported as earned income in your income tax returns for each of the past ten (10) years and the district or districts in which the returns were filed.

**RESPONSE NO. 13**

Plaintiff has not filed tax returns for the past ten (10) years.

**INTERROGATORY NO. 14**

14. Give the names and addresses of all persons who have given you written or recorded statements concerning the occurrence, the date the statements were given and the name and address of the person or person who took such statement.

**RESPONSE NO. 14**

None

**INTERROGATORY NO. 15**

15. Attach to your answers a copy of any signed or recorded statements made by this Defendant or its agents, servants, or employees.

**RESPONSE NO. 15**

None

**INTERROGATORY NO. 16**

16. If any photographs, diagrams or plats have been made of the accident scene or any other objects relevant to this case, state when said photographs, diagrams or plats were taken or made, and who took the photographs or made the diagrams.

**RESPONSE NO. 16**

None

**INTERROGATORY NO. 17**

17. If you contend that a person or organization not a party to this action either caused or contributed to the occurrence, give a concise statement of the facts upon which you rely and identify the person or organization.

**RESPONSE NO. 17**

No

## INTERROGATORY NO. 18

18. State whether you consumed any alcoholic beverages or medications within eight (8) hours prior to said occurrence, the places where such alcoholic beverages or medications were obtained or taken, and the nature and amount thereof.

## RESPONSE NO. 18

No

## INTERROGATORY NO. 19

19. If you have ever made a claim or filed a lawsuit against anyone growing out of any personal injury to yourself, state any such claim or lawsuits and the dates, places and courts thereof.

## RESPONSE NO. 19

No

## INTERROGATORY NO. 20

20. State your exact heights and weight at the time of the occurrence.

## RESPONSE NO. 20

Plaintiff is 5 feet and 6 inches tall and weighs 165 lbs.

## INTERROGATORY NO. 21

21. State the number of times you have been on the Defendant's premises before the occurrence and subsequent to the occurrence.

## RESPONSE NO. 21

Plaintiff is unable to recall with specificity the number of times he had been to Defendant's premises prior to the occurrence. He believes that he has been to Defendant's premises approximately 4-6 times since the accident.

**INTERROGATORY NO. 22**

22. State all facts in support of your contention that employees of this Defendant negligently allowed doors to fall on you, as alleged in your Complaint.

**RESPONSE NO. 22**

Plaintiff was a lawful business invitee on Defendant's premises. Through no fault on his own, the doors fell on him, injuring him. Home Depot is responsible for Plaintiff's injuries. Home Depot had a duty to exercise ordinary care to keep its premises reasonably safe in order to avoid injuring Plaintiff. Further, Home Depot had a duty to perform regular inspections of its merchandise in order to detect and correct any dangerous conditions that would not be readily apparent to Plaintiff who was standing facing the customer service desk. Home Depot personnel were right there at the customer service desk, and thus saw or should have seen that the solid core doors had been negligently stacked and were likely to fall. Home Depot personnel should have taken steps to remedy the dangerous condition that existed in the store rather than wait for the doors to fall injuring Plaintiff. Home Depot personnel knew of the unsafe condition of the doors, or by using ordinary care, should have known of the condition of the doors in time to eliminate the risk of harm to Plaintiff.

INTERROGATORY NO. 23

23. If you contend that any person prior to the occurrence complained of, warned or gave notice of the alleged negligence or condition of the premises to the Defendant, its agents, servants or employees, state the names and addresses of all such

persons whom you contend gave the Defendant, its agents, servants or employees warning of the alleged defect.

**RESPONSE NO. 23**

At this time, Plaintiff makes no such contention.

**INTERROGATORY NO. 24**

24. State the names and addresses of all other persons not heretofore mentioned who have personal knowledge of the facts material to this case.

**RESPONSE NO. 24**

Dasha (last name unknown); Terrance (last name unknown); Sheila (last name unknown)

**INTERROGATORY NO. 25**

25. State whether, since your eighteenth birthday and while represented by counsel or knowingly waived your right to counsel, you have been convicted of any crimes, and, if so, the nature of such crimes and the dates and courts of conviction.

**RESPONSE NO. 25**

No.

                                                                  Respectfully submitted,
**SPARKS & SILBER, LLP**

Richard F. Silber
DC BAR NO. 395407
3221 M Street, NW
Washington, DC 20007
Telephone (202) 338-0687
Facsimile (202) 333-0858
Attorney for Plaintiff

I HEREBY CERTIFY that on this __11th__ day of August, 2006, copy of the foregoing was mailed to:

Matthew T. Angotti, Esquire
Anderson, Coe & King, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201
(410) 752-1630
Attorney for Defendant

_____
Richard F. Silber, Esquire

## CERTIFICATION BY PLAINTIFF

     I, Robert D. Johnson, state that the foregoing responses and objections to Defendant's Interrogatories and Requests for Production of Documents are true and correct to the best of my ability and belief.

_____
Robert D. Johnson

Dated: 8/11/06

Respectfully submitted,
**SPARKS & SILBER, LLP**

_____
Richard F. Silber
DC Bar No. 395407
3221 M Street, NW
Washington, DC 20007
Phone (202) 338-0687
Fax (202) 333-0858

Attorney for Plaintiff

LAW OFFICES
SPARKS & SILBER, LLP
3221 M Street, N.W.
Washington, D.C. 20007
Tel (202) 338-0687
Fax (202) 333-0858